### BLAKEMORE *v.* COVEY.

#### Opinion delivered April 18, 1927.

COVENANTS—WARRANTY OF TITLE—IMPROVEMENT TAX.—Under Crawford & Moses' Dig., § 1495, a general covenant of warranty in a deed will not be held to cover an improvement assessment which, subsequent to the execution of the deed, became a lien on the land.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*R. S. Wilson,* for appellant.

*C. M. Wofford,* for appellee.

HUMPHREYS, J. This suit was instituted by appellant against appellee in the circuit court of Crawford County upon a covenant of warranty contained in a deed to lots 7 and 8, block 42, in the original town of Van Buren, Arkansas, executed by appellees to appellant, to recover $63 paid out by appellant to satisfy an improvement district lien for taxes assessed and levied upon said property on account of expenses incurred in making a preliminary survey of Western Crawford Road Improvement District in which said land, with other lands, was located.

Appellees filed an answer, denying liability under the warranty clause in the deed, on the alleged ground that the lien for the taxes to pay the preliminary expenses of the district did not attach until January 19, 1925, the

date of the last decree fixing the lien for said taxes and ordering the collection thereof.

The cause was submitted upon the pleadings, oral and documentary evidence, which resulted in a judgment dismissing appellant's complaint at his cost, from which is this appeal.

The district in question was created by a special statute (unpublished) at the extraordinary session of the Legislature of the year 1920. The statute contained the following provision with reference to the payment of preliminary expenses:

"Section 25. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expense shall be a first lien upon all of the lands in the district, and shall be paid by levy of a tax thereon upon the assessed value for the county and State taxation, which levy shall be made by the chancery court of Crawford County, and shall be collected by a receiver to be appointed by said court."

The covenant of warranty in the deed is as follows: "And we hereby covenant with the said J. E. Blakemore that we will forever warrant and defend the title to said lands against all lawful claims whatever."

The district was abandoned, and, pursuant to the section of the act quoted, the commissioners of the district obtained an *ex parte* decree in the chancery court on November 3, 1920, levying an assessment of 1.65 per cent. on the assessed valuation of all real estate in the district, as assessed for county and State purposes, to pay the preliminary expenses, amounting to $21,233. On the application of the Missouri Pacific Railroad Company and a number of other real estate owners in the district, the decree of November 3, 1920, was set aside on January 27, 1922, by the chancery court, in order that they might be heard on their contention that the preliminary expenses were excessive, unjust and illegal. On March 8, 1922, the case was again tried, with the result that one claim of $300 for preliminary expenses was disallowed, leaving a total to be paid by the district of $20,611.80;

and levying a tax of 2 per cent. on all real estate in said district, based upon the assessment of benefits to the property by the assessors of the district, on July 30, 1920, from which an appeal was prosecuted to the Supreme Court, where the decree was reversed because the trial court ordered that the payments be made in proportion to the anticipated benefits assessed by the board of assessors, instead of upon the assessed value for county and State purposes. Upon remand of the case the decree was rendered in accordance with the directions of the Supreme Court, levying a tax of 2.10 per cent. against the real estate in the district according to its assessed value for the year 1920, to pay the preliminary expenses, and further ordering the collection thereof, not later than May 1, 1925.

The sole question presented for determination on the record before us, as detailed above, is whether the lien for the taxes required to pay the preliminary expenses of the district attached or became an incumbrance upon the lands in the district before the execution and delivery of said deed or after. The act creating the district is silent as to when the lien attached, but we have a general statute, § 1495 of Crawford & Moses' Digest, which definitely settles the matter as to when the lien attaches between grantor and grantee. The statute is as follows: "All lands, tenements and hereditaments may be aliened and possession thereof transferred by deed without livery of seizin, and the words 'grant, bargain and sell' shall be an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, free from incumbrance done or suffered from the grantor, except rents or services that may be expressly reserved by such deed, as also for the quiet enjoyment thereof against the grantor, his heirs and assigns, and from the claim and demand of all other persons whatever, unless limited by express words in such deed; provided that, as between the grantor and grantee, neither the statutory nor general express covenant of warranty against incumbrances shall be held

to cover any taxes or assessments of any improvement district of any kind whatever, formed under general statutes authorizing the assessment of lands for local improvements of any kind, or whether such improvement district be formed by public or private act of the Legislature, but the lien for any such local assessment or tax shall run with the land and be assumed by the grantee, and the grantee shall pay any and all installments of such tax or assessment becoming due after the execution and delivery of the deed, unless otherwise expressly provided.''

It will be observed that the statute is very broad, covering ''taxes or assessments in improvement districts of any kind whatever, formed under general statutes authorizing the assessment of lands for local improvements of any kind, or whether such improvement district be formed by public or private act of the Legislature. * * * '' 

We think the language broad enough to include a levy made for the purpose of paying preliminary expenses of an abandoned district. At the time the deed was executed the question of the lien and the amount thereof was pending in the courts, and had not become a final and fixed lien for any specific amount until established by the final decree rendered on January 19, 1925. This is the only statute bearing upon the subject, and it contains no exception with reference to the assessment and levy of taxes against the property for the payment of preliminary expenses in an abandoned district.

No error appearing, the judgment is affirmed.